IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | **AMENDED** |
| | ) | **ORDER ON MOTION UNDER** |
| Plaintiff, | ) | **28 U.S.C. § 2255** |
| | ) | |
| vs. | ) | Crim. File Nos. 3:03-cr-90-02 |
| | ) | 3:04-cr-57-02 |
| Ruben Hernandez, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Ruben Hernandez, | ) | |
| | ) | |
| Petitioner, | ) | Civil File No: 3:06-cv-15 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Mr. Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. This Order has been Amended because the Court inadvertently excluded two of Mr. Hernandez's allegations from its previous Order.

**FACTS**

On June 1, 2004, Mr. Hernandez pled guilty to conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. § 846 and continuing criminal enterprise, in violation of 21 U.S.C. §§ 848(a), 848(b)(1), and 848(b)(2)(A) in Criminal File No. 3:03-cr-90-02 and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(I) and 18 U.S.C. § 2 in Criminal File No. 3:06-cv-15-02. Mr. Hernandez was sentenced on

1

January 21, 2005. The judgment was filed on January 24, 2005. The instant motion was timely filed on January 23, 2006. See 28 U.S.C. § 2255.

## DISCUSSION

Title 28, Section 2255, allows prisoners to make collateral attacks on federal sentences. When reviewing a petition, the Court "shall cause notice thereof to be served upon the United States attorney" unless the motion, files, and records "conclusively show that the prisoner is entitled to no relief." A court should liberally construe a *pro se* petition filed under § 2255. Saunders v. United States, 236 F.3d 950, 953 (8th Cir. 2001).

Mr. Hernandez's plea agreement explicitly waived his right to seek post-conviction relief, stating,

> The defendant further waives all rights to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. . . . Therefore, the defendant understands that any appeal or other post-conviction relief that he might seek should be summarily dismissed by the Court in which it is filed.

(Doc. #420). Such waivers are enforceable against defendants. United States v. His Law, 85 F.3d 379, 379 (8th Cir. 2996). However, these waivers do not "'waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel.'" Chesney v. United States, 367 F.3d 1055, 1058 (8th Cir. 2004) (quoting DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000)). Mr. Hernandez raises ten bases for his motion, and several of them appear to be barred by this waiver. However, each of his ten bases will be addressed separately:

A.  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea.

2

Mr. Hernandez asserts his attorney did not fully explain the consequences of a guilty plea, including the fact that by pleading guilty, Hernandez was giving up his rights to file a motion under § 2255.

The signed plea agreement in this case stated "all rights to contest his conviction or sentence in any post-conviction proceeding" were waived. During the change of plea hearing, the Court engaged Hernandez in the Rule 11(b), Fed.R.Crim.P., colloquy. The Court made a finding of Hernandez's competence. Hernandez stated he was very satisfied with the representation he had received from his counsel, that counsel had explained in detail the meaning of the indictment and plea agreement, and that he felt he had a good understanding of both. The Court discussed the maximum and minimum sentences and the proposed sentencing guideline range. The Court discussed Hernandez's waiver of appeal and habeas rights and explained that review on a post-conviction relief petition would be difficult, if not impossible. Mr. Hernandez affirmed that no one had made threats or promises to induce his plea. In sum, Mr. Hernandez's solemn courtroom declarations indicate the plea was knowing and voluntary.

The contents of the plea agreement and dialogue at the change of plea hearing are contrary to allegation "A" in the petition. Taken as a whole, the Court concludes the claims made in allegation "A" are inherently unreliable and are therefore rejected.

B.      Conviction obtained by violation of the privilege against self-incrimination.

Mr. Hernandez argues he was not informed that his guilty plea waived his right against self-incrimination. The signed plea agreement reflects that Mr. Hernandez "understands that by pleading guilty he surrenders . . . [t]he right to remain silent." Additionally, the plea colloquy reflects that Mr. Hernandez was again informed of and waived this right in open court. His claim is therefore

3

rejected.

C.  <u>Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.</u>

Mr. Hernandez alleges that the United States failed to disclose favorable evidence, specifically phone calls, to the defense.

It is well-settled that due process is violated where the government "suppresses evidence that is favorable to the accused and is material to the issue of guilt or punishment." <u>Mark v. Ault</u>, 498 F.3d 775, 783 (8th Cir. 2007) (citing <u>United States v. Brady</u>, 373 U.S. 83, 87 (1963)). The Court is without sufficient information about the phone calls themselves or the nature and extent of the United States' suppression or disclosure of that information to conclude whether the defendant is entitled to relief.

D.  <u>Conviction obtained by violation of the protection against double jeopardy.</u>

Mr. Hernandez argues that because he was previously sentenced on related state charges, that his conviction violated double jeopardy.

This particular allegation is barred by Mr. Hernandez's waiver of post-conviction relief rights in the plea agreement. Even if it were not barred, the allegation is without merit. Whether this related state charge was filed in North Dakota, Minnesota, or some other state, these are separate sovereigns from the United States. <u>United States v. Winters</u>, 491 F.3d 918, 920 (8th Cir. 2007). The Fifth Amendment's Double Jeopardy Clause does not bar federal prosecution for the same acts that gave rise to a prior state prosecution. <u>Id.</u>

E.  <u>Conflict of interest by judge</u>:

Mr. Hernandez argues the Court had a conflict of interest in this case as Mr. Hernandez had

previously appeared before the presiding judge in state court.

A judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455. Such bias or prejudice may result from knowledge that the judge should not possess. United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008). Here, the Court mentioned that he had previously presided in a related state action involving Hernandez and briefly recalled a discussion from a hearing in that case. Specifically, the judge recalled that during that state proceeding, the possibility of federal prosecution was mentioned. Neither these statements nor the judge's involvement in the related state case warranted recusal. Opinions formed by the judge based on facts introduced or events that occurred in the course of current or prior proceedings do not implicate § 455 unless deep-seated favoritism or antagonism is displayed. Burnette, 518 F.3d at 945. The rules against bias and partiality should not be interpreted to require a complete absence of preconception or predisposition. Id. There is no indication from the Court's brief comments at any sentencing hearing involving Hernandez that the Court possessed improper knowledge of the case or the defendant or had deep-seated antagonism toward the defendant. Therefore, this claim is rejected.

F.  Conflict of interest by Assistant United States Attorney.

Mr. Hernandez also contends that because Mr. Myers prosecuted Mr. Hernandez prior to becoming an Assistant United States Attorney, there was an impermissible conflict of interest.

A prosecutor is required to refrain from participating in an investigation or prosecution "if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof." 28 U.S.C. § 528. There is no rule that prosecutors are required to be neutral

and detached. Marshall v. Jerrico, Inc., 446 U.S. 238, 250 (1980). Indeed, they have a duty to be zealous advocates within ethical bounds. Id. Here, there is no suggestion that Mr. Myers acted inappropriately. No facts or circumstances surrounding this case suggest Mr. Myers stood to gain, personally or financially, or had a political conflict of interest. The fact that he may have had previous knowledge of the defendant does not create a conflict. The Court of Appeals explicitly approves of cooperation between federal and state authorities. United States v. Talley, 16 F.3d 972, 974 (8th Cir. 1994).

G.   Denial of effective assistance of counsel.

Mr. Hernandez argues assistance of counsel was ineffective because his attorney failed to "raise issues" at his sentencing hearing and did not file a direct appeal.

For an ineffective assistance of counsel claim to succeed, both parts of the *Strickland* test must be met: First, the movant must show that counsel's conduct fell below an objective standard of reasonableness, amounting to errors so serious that he was denied "counsel" as guaranteed by the Sixth Amendment; Second, the movant must show that absent the errors, there is a reasonable probability that the result of the proceeding would have been different. Williams v. United States, 452 F.3d 1009, 1012-13 (8th Cir. 2006).

During the hour-long sentencing hearing, defense counsel called witnesses and presented evidence. Counsel advocated for a sentence of 100 to 150 months, far less than the United States' recommendation of 240 months. As a result, Hernandez received a sentence of 224 months. This sentence was less than the government's recommendation and consistent with the other sentences handed down in this and other cases. As to the filing of a direct appeal, Mr. Hernandez had waived that right in his plea agreement, and there is no indication he explicitly requested counsel file an

appeal. Counsel's performance met or exceeded an objective standard of reasonableness. In sum, the Court concludes Hernandez received adequate assistance of counsel, and this allegation is rejected.

H.     <u>Failure by the courts to panel a jury with other than all white jury panel.</u>

Mr. Hernandez knowingly waived his right to a jury trial during his change of plea hearing. Additionally, Mr. Hernandez signed a written waiver to his right to a jury trial and to post-conviction claims such as this in his plea agreement

I.     <u>Prosecution used falsified testimony at indictment to indict me.</u>

Mr. Hernandez argues the indictment is invalid because one or more of the people who testified before the grand jury were ultimately convicted of perjury.

An indictment cannot be based entirely on perjured testimony. <u>United States v. Vallie</u>, 284 F.3d 917, 921 (8th Cir. 2002). However, provided there is some competent evidence that could sustain the charge, an indictment should be sustained. <u>United States v. Johnson</u>, 767 F.2d 1259, 1275 (8th Cir. 1985). Mr. Hernandez has the burden to show that the grand jury heard no competent evidence that could sustain the indictment. <u>Id.</u>

Grand jury proceedings are secret. Even the Court is not privy to the testimony elicited therein. Therefore, on the face of this petition, the Court cannot conclude whether the grand jury heard sufficient competent evidence to sustain the charge against Mr. Hernandez.

J.     <u>Drug amounts were never proven by a jury.</u>

Mr. Hernandez knowingly waived his right to a jury trial during his change of plea hearing. Additionally, Mr. Hernandez signed a written waiver to his right to a jury trial and to post-conviction claims such as this in his plea agreement.

K.        <u>Evidence of harassment by lead detective never allowed in to evidence.</u>

Mr. Hernandez knowingly waived his right to a jury trial during his change of plea hearing. Additionally, Mr. Hernandez signed a written waiver to his right to a jury trial and to post-conviction claims such as this in his plea agreement.

## CONCLUSION

The motion, as well as the files and records of the case, conclusively show that Mr. Hernandez is entitled to no relief as to allegations A, B, D, E, F, G, H, J, or K. These claims are hereby **DISMISSED.** However, the motion and record fail to establish whether Mr. Hernandez could be entitled to relief as to allegations C or I. Therefore, the Court hereby notifies the United States of the motion and directs the United States to respond to the motion by July 18, 2008 as to allegations C and I. The Clerk is directed to appoint counsel for Mr. Hernandez as soon as possible. Appointed counsel is authorized to file a brief to supplement the § 2255 petition. Such a brief should be filed by July 3, 2008, in order to provide the United States with adequate response time.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2008.

                                                                               <u>/s/      Ralph R. Erickson</u>
                                                                               Ralph R. Erickson, District Judge
                                                                               United States District Court