IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America,           )<br>                                                    )<br>              Plaintiff,              )<br>                                                    )<br>      vs.                                         )<br>                                                    )<br> Ruben Hernandez,                   )<br>                                                    )<br>             Defendant.             )<br>_____   )<br>                                                    )<br> Ruben Hernandez,                   )<br>                                                    )<br>             Petitioner,              )<br>                                                    )<br>      vs.                                         )<br>                                                    )<br> United States of America,          )<br>                                                    )<br>             Respondent.           )<br>                                                    ) | **ORDER DENYING RULE 36 MOTION; DENYING LEAVE TO DISMISS PETITION**<br><br>Crim. File Nos. 3:03-cr-90-02<br>3:04-cr-57-02<br><br><br><br><br><br>Civil File No. 3:06-cv-15 |

Before the Court are motions by Defendant/Respondent Ruben Hernandez to correct his judgment under Rule 36, Fed.R.Crim.P., and for leave to dismiss his § 2255 petition.

On June 1, 2004, Mr. Hernandez pled guilty to conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. § 846, and continuing criminal enterprise, in violation of 21 U.S.C. §§ 848(a), 848(b)(1), and 848(b)(2)(A) in Criminal File No. 3:03-cr-90-02 and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(I) and 18 U.S.C. § 2 in Criminal File No. 3:06-cv-15-02.  Mr. Hernandez was sentenced on January 21, 2005.  The judgment was filed on January 24, 2005, and sentenced Mr. Hernandez to 240 months' imprisonment.

1

Mr. Hernandez timely filed a petition under 28 U.S.C. § 2255, alleging eleven bases on which his sentence should be modified, vacated, or set aside. These allegations included ineffective assistance of counsel, conflicts of interest, and violation of various constitutional rights. The Court allowed two claims to go forward, appointed Mr. Hernandez an attorney, and directed the United States to respond.

The sentencing hearing transcript states the oral pronouncement of the sentence was 224 months. Based on this, Mr. Hernandez moved to correct the judgment and dismiss his § 2255 petition.

This is a relatively unique issue. Where the written judgment and the oral pronouncement of the sentence conflict, the oral sentence controls. United States v. Foster, 514 F.3d 821, 825 (8th Cir. 2008) (citing United States v. Glass, 720 F.2d 21, 22 n. 2 (8th Cir. 1983). Here, however, whether the oral pronouncement of sentence was for 224 months or 240 months is in dispute.

In Thorne v. United States, a defendant moved to amend his judgment to reflect that his two sentences were concurrent, as the transcript stated, as opposed to consecutive, as was stated on his final judgment. 406 F.2d 995 (8th Cir. 1969). The district court denied Thorne's motion and the Court of Appeals affirmed, finding there was ample support for the position that the oral pronouncement was for a consecutive sentence. Id. at 998. This support included the written judgment, the minute entries of the clerk, and the personal recollections of the judge and counsel. Conversely, the only support for a concurrent sentence was the written transcript. Id.

The situation here is similar. The only support for the defendant's position is the written transcript. Conversely, the following sources reflect a 240-month sentence was, in fact,

pronounced:

    1)      The January 24, 2005 judgment.

    2)      The Clerk's handwritten minutes from the January 21, 2005 sentencing hearing.

    3)      Notes from Donna Urff, Mr. Hernandez's pretrial services officer.

    4)      AUSA Chris Myers' notes from the sentencing hearing.

    5)      The newspaper article, <u>Drug dealer draws 20 years</u>, Fargo Forum, January 22, 2005.

    6)      The personal recollections of the Court.

Moreover, the Court would note that at no time in the last 3 ½ years did Mr. Hernandez, *pro se* or through counsel, inform the Court that he believed there was a discrepancy. He now claims he filed his § 2255 petition in order "to address the clerical error;" however, there is no reference in any of his eleven allegations to such a perceived error.

The Court hereby concludes that the pronouncement of sentence as stated in the transcript is incorrect. The sentence imposed was, in fact, 240 months. The defendant's motion to correct is **DENIED** and the Court requests the transcript be corrected.

**IT IS ALSO ORDERED** that the defendant's motion for leave to dismiss the petition is **DENIED.** The defendant/petitioner's brief is due Wednesday, August 20, 2008. The United States' responsive brief is due Thursday, September 4, 2008.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2008.

                                              <u>*/s/*    *Ralph R. Erickson*</u>
                                              Ralph R. Erickson, District Judge
                                              United States District Court